# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIM MARIE TRAVERSA, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | No. 17-CV-2115 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | Jeffrey T. Gilbert |
| Commissioner of Social Security, ) | Magistrate Judge |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Claimant Kim Traversa's Application for Attorneys' Fees under the Equal Access to Justice Act ("EAJA") [ECF No. 17]. On March 17, 2017, Claimant filed a complaint for judicial review of an administrative decision denying her application for supplemental security income. [ECF No. 1]. On July 9, 2018, this Court issued a Memorandum Opinion and Order [ECF No. 15] remanding this case to the Social Security Administration for further proceedings. On October 8, 2018, Claimant filed the instant Application for Attorney's Fees under the EAJA seeking attorneys' fees in the amount of $11,791.20. [ECF No. 17]. The Commissioner filed a response arguing that Claimant should receive a lower award. [ECF No. 20]. Claimant filed a reply seeking the amount stated in her application and an additional $491.30 for preparing the reply brief, for a total request of $12,282.50 in attorneys' fees. [ECF No. 21], at 5. This matter is now ripe for decision.

The EAJA provides that a court shall award attorneys' fees fees to a "prevailing party" in a civil action against the United States when the application is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v.*

*Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). In this case, there is no dispute that Claimant is entitled to recoup some amount in attorneys' fees. The parties only disagree about whether Claimant's requested total of $1,965.20 for preparation of her EAJA attorneys' fee application is reasonable. [ECF No. 20] at 1 ("Defendant contests only the 10 hours plaintiff seeks for preparing her EAJA application.")

The Commissioner contends that the "EAJA application is typically a boilerplate filing that attorneys usually bill an hour or so for." [ECF No. 20] at 1. She cites no authority for this bald proposition, however. A successful plaintiff can request compensation for time spent preparing an application for attorneys' fees pursuant to EAJA. *Terrell v. Shalala*, 1995 WL 307157, at *4 (N.D. Ill. 1995); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990) ("The purpose and legislative history of the [EAJA] reinforce our conclusion that Congress intended the EAJA to *cover the costs of all phases* of successful litigation addressed by the statute.") (emphasis added.) Moreover, courts in this district have routinely awarded attorneys' fees for EAJA applications that required more than an hour to complete. The time spent by Claimant's attorney to prepare her EAJA application in this case is within the range of time that has been held to be reasonable in other cases in this District. *See Delgado v. Astrue*, 2012 WL 6727333, at *4 (N.D. Ill. 2012) (awarding attorneys' fees for EAJA application that took 7 hours to prepare); *Shalala*, 1995 WL 307157, at *4 (awarding attorneys' fees for EAJA application that took 12 hours to prepare); *Rogers v. Heckler*, 1985 WL 819, at *2 (N.D. Ill. 1985) (awarding attorneys' fees for EAJA application that took 8.4 hours to prepare).

In addition, as noted above, the Commissioner cites no authority to support her proposition that an EAJA application typically requires just an hour for an attorney to complete. [ECF No. 20] at 1. The Commissioner must do more than speculate or assert in a conclusory way that the hours

were excessive. *See Morgan v. Berryhill*, 2017 WL 1027594, at *4 (N.D. Ill. 2017); *see also Large ex rel. S.L. v. Colvin*, 2014 WL 117174, at *2 (N.D. Ill. 2014) ("Where the Commissioner offers 'no objective standard' and 'no rationale' for concluding that the Plaintiff's attorneys' hours were excessive, a decision on whether the number of hours was reasonable is 'arbitrary.'"); *Seaborn v. Astrue*, 2012 U.S. Dist. LEXIS 77216, at *7 (N.D. Ill. 2012) ("[W]e are not willing to reduce [Claimant's] attorneys' fee request based on a 'generic comparison' to another case and vague ideas of reasonableness.") In this case, the Commissioner has offered nothing more than conjecture that Claimant's counsel spent an inordinate amount of time preparing her EAJA application. Therefore, a finding that Claimant's counsel spent an excessive amount of time on preparing her EAJA application would be arbitrary on this record. *Colvin*, 2014 WL 117174, at *2.

The Commissioner also argues Claimant's counsel took a prematurely "prophylactic" step "in that [she] attempted to address arguments that [the Commissioner] could make [when] attacking the EAJA application" but ultimately did not. [ECF No. 20] at 1. The Commissioner, however, told Claimant's counsel before she submitted her fee application that she was going to challenge Claimant's right to EAJA attorneys' fees *ab initio*. [ECF No. 17] at 3 ("in the matter sub judice, the Commissioner, through counsel, informed [Claimant's] attorney that she intended to argue her position was substantially justified."). In addition, Claimant's counsel put the Commissioner on notice that she would seek additional fees if a reply brief was necessary. [ECF No. 17] at 10. The Commissioner's EAJA Response does not dispute these facts. Indeed, Claimant's counsel reiterates in her Reply to the Commissioner's Response that "during settlement discussions the Commissioner was extremely confidant [sic] that her position was substantially

justified thus giving the reasonable impression that she would vigorously oppose any application for attorney's fees pursuant to the EAJA based on substantial justification." [ECF No. 21] at 3.

The Court finds that Claimant's counsel acted reasonably by submitting a comprehensive fee application based on the representations by the Commissioner's counsel that she would oppose Claimant's application for attorneys' fees. As such, the 10 hours Claimant's counsel expended in drafting the application and the 2.5 hours spent replying to the Commissioner's response to the application were reasonable under the circumstances. The Commissioner has failed to adduce any facts to demonstrate that Claimant's actions were "excessive, duplicative, or frivolous." *Cummings v. Berryhill*, 2017 WL 926766, at *2 (N.D. Ill. 2017). Therefore, the Court rejects the Commissioner's argument that Claimant's counsel acted unreasonably in preparing a thorough application for fees in anticipation of the Commissioner's opposition to the award of any attorneys' fees in this case.

For all these reasons, the Court grants Claimant's Application for Attorney's Fees under the Equal Access to Justice Act [ECF No. 17] and awards her attorneys' fees and costs in the amount of $12,282.50 as requested.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 17, 2018